IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**UNITED STATES OF AMERICA**,

    Plaintiff/Respondent,

    v.

**EDUARDO MENDOZA, JR.**,

    Defendant/Petitioner.

No. 6:10-cr-60029-MC

**OPINION AND ORDER**

**MCSHANE, Judge:**

Petitioner Eduardo Mendoza, Jr. is currently serving a 180-month sentence imposed pursuant to the Armed Career Criminal Act ("ACCA"). He now moves to vacate or correct his sentence under 28 U.S.C. § 2255, arguing that, in light of the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), he no longer qualifies for the mandatory 180-month sentence under the ACCA. Because Mr. Mendoza's prior Oregon convictions for Assault in the Third Degree ("Assault III") still qualify as violent felonies under the "force clause" of the ACCA, his motion is DENIED.

## **BACKGROUND**

In 2011, Mr. Mendoza pleaded guilty to, *inter alia*, being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g).[1] Plea Petition & Agreement 7-9, ECF 23. Generally, a violation of 18 U.S.C. § 922(g) carries with it a maximum sentence of 120 months. 18 U.S.C. § 924(a)(2). Under the ACCA, however, any person convicted of violating 18 U.S.C. § 922(g) is

---

[1] Judge Michael R. Hogan sentenced Mr. Mendoza in 2011. The case was later reassigned to me. As part of the same proceeding, Mr. Mendoza pleaded guilty to depredation of United States property, a violation of 18 U.S.C. § 1361, for which he was sentenced to a lesser concurrent term of 120 months. That sentence is not presently at issue.

1 – OPINION AND ORDER

subject to a mandatory 180-month minimum sentence if they have three previous convictions for a "violent felony" or "serious drug offense." 18 U.S.C. § 924(e)(1). A prior conviction qualifies as a "violent felony" if it is punishable by a term of imprisonment exceeding one year and (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," (2) "is burglary, arson, . . . extortion, [or] involves the use of explosives," or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another."[2] 18 U.S.C. § 924(e)(2)(B).

In his plea agreement, Mr. Mendoza conceded that four of his prior convictions qualified as violent felonies or serious drug offenses and agreed to a 180-month ACCA sentence. Plea Petition & Agreement 2-3, 18. The agreement identified Mr. Mendoza's two Oregon convictions for Assault III, Or. Rev. Stat. § 163.165, as predicate violent felonies under the ACCA. Plea Petition & Agreement 2-3. The sentencing court accepted the plea agreement and, based in part upon its determination that Mr. Mendoza's Assault III convictions qualified as violent felonies, imposed an ACCA-enhanced sentence of 180 months. Judgement 1-2, ECF 33. The court, however, did not specify which particular statutory clause was applicable in qualifying either of Mr. Mendoza's Assault III convictions as a "violent felony."

On May 17, 2016, seizing on this ambiguity and the Supreme Court's recent narrowing of the ACCA's violent felony definition in *Johnson*, Mr. Mendoza moved the Court to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. After briefing and oral argument, his motion is now before the Court.

---

[2] The first clause is known as the "force clause," the second as the "enumerated felonies clause," and the third as the "residual clause."

**DISCUSSION**

Under 28 U.S.C. § 2255, a federal prisoner may move to have her sentence vacated or corrected if it was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Following the Supreme Court's invalidation of the residual clause in *Johnson*, an ACCA-enhanced sentence is lawful only if the defendant's predicate convictions qualify as violent felonies under the remaining force or enumerated felonies clauses. *See* 135 S. Ct. at 2563. To determine whether a prior conviction qualifies as a predicate violent felony under either clause, courts employ the analytical approach outlined in *Taylor v. United States*, 495 U.S. 575 (1990), which requires that the statute of conviction be a "categorical" match with the definition contained in at least one of the two clauses. *United States v. Parnell*, 818 F.3d 974, 978 (9th Cir. 2016). If a court concludes that the least of the acts criminalized by the state statute of conviction includes conduct falling outside of that identified in the force or enumerated felonies clauses, the statute is overbroad and the prior conviction cannot lawfully qualify as a predicate offense.[3] *Ramirez v. Lynch*, 810 F.3d 1127, 1131 (9th Cir. 2016).

Mr. Mendoza argues that, without the residual clause, his Assault III convictions are no longer a categorical match with either of the violent felony definitions, meaning that he lacks the requisite predicates for an ACCA sentence. Since the Government concedes that assault is not an enumerated offense, the Court focuses its analysis on whether Assault III qualifies as a violent felony under the force clause. To fall within the force clause, an offense must have "as an

---

[3] In cases involving "divisible" statutes, courts may apply the "modified categorical approach." *Descamps v. United States*, 570 U.S. 254, 257 (2013). Or. Rev. Stat. § 163.165 is a divisible statute because it sets out one or more elements in the alternative, essentially forming "multiple, alternative versions of the crime." *Id.* at 262. Under the modified categorical approach, courts look beyond the elements of the statute to external documents like charging instruments, jury instructions, plea agreements, transcripts of plea hearings, and judgments to determine whether the defendant was convicted under elements which are a categorical match with the ACCA's definition of a violent felony. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016); *Ramirez*, 810 F.3d at 1131. Since both parties agree that Mr. Mendoza's prior Assault III convictions were pursuant to subsection (1)(e) of Or. Rev. Stat. § 163.165— and not other overbroad subsections of § 163.165—the Court need not walk through the modified categorical analysis at this juncture of its opinion.

3 – OPINION AND ORDER

element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). The physical force must be "violent force," or "force capable of causing physical pain or injury to another." *Johnson v. United States*, 559 U.S. 133, 140 (2010). In addition, the use of force must be intentional or knowing, not just reckless or negligent. *See Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1130 (9th Cir. 2006); *cf. also United States v. Castelman*, 135 S. Ct. 1405 (2014) (treating intentional and knowing interchangeably).

In Oregon, Assault III covers a wide variety of transgressions, all involving the presence of some level of physical injury. Mr. Mendoza appears to have been charged with, and pleaded guilty to, conduct falling under Or. Rev. Stat. § 163.165(1)(e), in that he, "while being aided by another person actually present, intentionally or knowingly caus[ed] physical injury to another." Or. Rev. Stat. § 163.165(1)(e); *see also* Umatilla 2004 Plea Petition 1, ECF 52-3; Umatilla 2000 Plea Petition 1, ECF 52-4. The term knowingly, "when used with respect to conduct or to a circumstance described by a statute defining an offense, means that a person acts with an awareness that the conduct of the person is of a nature so described or that a circumstance so described exists." Or. Rev. Stat. § 161.085(8). Further, the phrase "physical injury" is defined as any "impairment of physical condition or substantial pain." *Id.* § 161.015(7).

Mr. Mendoza first contends that Or. Rev. Stat. § 163.165(1)(e) is not a categorical match with the force clause because conviction as a principal requires less than the knowing or intentional use of physical force.[4] Petitioner is correct that Oregon applies a "unique judicial

---

[4] Mr. Mendoza also argues that causing physical injury does not necessarily require the use of "violent force," but, as he acknowledges, that argument is foreclosed by *United States v. Calvillo-Palacios*, 860 F.3d 1285 (9th Cir. 2017), which held that "assault statutes necessarily involve the use of violent, physical force." 860 F.3d at 1290. In a supplemental memorandum, Mr. Mendoza attempts to distinguish *Calvillo-Palacios* by arguing that, because Oregon defines causation for purposes of its assault statute to include acts that are "extensively intertwined" with the infliction of injury upon the victim by another person, a conviction requires less than violent force. *State v. Phillips*, 317 P.3d 236, 239 (Or. 2013). The categorical approach is concerned with "the ordinary case," and requires showing that there is a "realistic probability, not a "theoretical possibility," that a defendant would be convicted for conduct falling outside of the force clause. *United States v. Carson*, 486 F.3d 618, 619-20 (9th Cir. 2007) (internal

4 – OPINION AND ORDER

gloss" to its "knowingly" *mens rea*. Under Oregon law, a knowing assault requires awareness only of the "assaultive nature" of the conduct, but no *mens rea* as to the resulting physical injury. *State v. Barnes*, 986 P.2d 1160, 1167 (Or. 1999); *see also United States v. Crews*, 621 F.3d 849, 855 (9th Cir. 2010) ("[T]o act knowingly in Oregon does not require knowledge that physical injury could possibly occur as a result of particular conduct, or conscious disregard of the risks associated with that conduct."). This produces a bifurcated *mens rea* element, wherein a person must be aware that they are using assaultive force, but not that their conduct will, or even could, cause injury. According to Mr. Mendoza, this knowingly standard, as applied to subsection (1)(e) of the Assault III statute, defines an overall *mens rea* of less than recklessness.[5]

The Ninth Circuit has considered and rejected this argument. *United States v. Lawrence*, 627 F.3d 1281 (9th Cir. 2010), *abrogated on other grounds by United States v. Robinson*, 869 F.3d 933 (9th Cir. 2017). In *Lawrence*, the court examined whether a bifurcated *mens rea* element in Washington's second-degree assault statute, Wash. Rev. Code § 9A.36.021(1)(a), allowed for a conviction based on less than a knowing or intentional use of force. As in Oregon, Washington courts interpret their assault statute as having two elements: "an act (an intentional assault) and a result (reckless infliction of substantial bodily harm)." 627 F.3d at 1285 (internal citation omitted). Mr. Lawrence argued that, because a conviction only required the reckless

---

quotation marks omitted). Mr. Mendoza cites to the Oregon Supreme Court's decision in *Phillips* as evidence that there is a realistic probably that Oregon would apply Or. Rev. Stat. § 163.165(1)(e) to an individual who merely blocks aid to a victim. In *Phillips*, however, the State never applied the statute in the manner described by Mr. Mendoza—the Oregon Supreme Court merely reasoned that an error by the trial court was harmless because, *hypothetically*, the defendant could have been liable as a principal if he had punched the victim's approaching friend in the face. 317 P.3d at 242-42. There is no evidence that the State has ever successfully prosecuted a case based on a theory involving non-violent force applied to a third party—especially prior to Mr. Mendoza's convictions—and the much later Oregon Court of Appeals case cited by Mr. Mendoza, *State v. Ryder*, 340 P.3d 663 (Or. Ct. App. 2014), expressly declined to reach the issue *because* the State did not prosecute its case on a theory of direct liability. *See* 340 P.3d at 666 n.2.

[5] The Government, relying on *Voisine v. United States*, 136 S. Ct. 2272 (2016), argues that the mere reckless use of physical force satisfies the force clause. Setting aside the fact that this argument is inapposite since Defendant argues that Or. Rev. Stat. § 135.165(1)(e) may be violated with a *mens rea* of *less* than recklessness—and the Government never argues that subsection (1)(e) amounts to a recklessness standard—this Court recently rejected the same argument in *United States v. Savath*, 300 F. Supp. 3d 1215 (D. Or. 2018).

5 – OPINION AND ORDER

infliction of injury, the statute criminalized less than the knowing or intentional use of force. *Id.* The court rejected this argument, holding that, "because Section 9A.36.021(1)(a) requires an intentional assault, it is of no matter that . . . substantial bodily harm can be inflicted only with recklessness." *Id.* at 1288. The requirement of "intentional criminal assault," it concluded, "coupled with a requirement of substantial bodily harm," was sufficient to render the conviction a violent felony. *Id.* at 1286; *accord United States v. Werle*, 877 F.3d 879, 883 (9th Cir. 2017) (holding the same for knowing conduct coupled with negligent infliction of harm).

Contrary to Mr. Mendoza's suggestion, *Elonis v. United States*, 135 S. Ct. 2001 (2015) does nothing to undermine *Lawrence*. In *Elonis*, the Supreme Court considered the mental state required for a conviction under 18 U.S.C. § 875(c). 135 S. Ct. at 2007. That statute, which omits an express scienter requirement, makes it a crime to "transmit[ ] . . . any communication containing a[ ] threat to . . . injure the person of another." 18 U.S.C. § 875(c). Although the case was one of statutory interpretation and turned on the basic principle that "wrongdoing must be conscious to be criminal," it also shed light on the circumstances under which a bifurcated *mens rea* element may amount to a negligence standard. *Id.* at 2009. Specifically, the Court rejected prosecutors' argument that the law punishes statements which a reasonable person would regard as threatening, so long as a defendant knows that he is "transmitting a communication." *Id.* at 2011. That bifurcated *mens rea* element, the Court explained, would amount to a negligence standard because it criminalizes conduct which a defendant need not know is wrongful. *Id.* at 2012. Stated differently, the Court held that a defendant who knowingly engages in a prohibited act is still only negligent if he does not "know the [wrongful] character" of that act. *Id*.

*Elonis* is distinguishable because it arose outside of the ACCA context and, unlike *Lawrence*, involved a communication-based threat statute, rather than a violent assault statute.

More fundamentally, however, its reasoning merely reaffirms that, to move beyond a negligence standard, a statute must require a defendant to know the nature of his conduct. That is entirely consistent with the holding in *Lawrence* and precisely what Or. Rev. Stat. § 163.165(1)(e) requires of defendants. Under subsection (1)(e), a defendant must know the character of his conduct—he must be "aware of [its] assaultive nature." *Barnes*, 986 P.2d at 1167. That phrase is undefined, but, unlike the proposed standard in *Elonis*, requires more than a naked awareness that one is undertaking a specific act (e.g., sending the contents of a communication or striking someone's face); it also demands subjective knowledge that the conduct is "assaultive." That fact alone distinguishes subsection (1)(e) from the prosecution's proposed negligence standard in *Elonis*. In turn, because *Lawrence* still dictates that a sufficient *mens rea* as to conduct—with less than a knowing infliction of bodily harm—satisfies the force clause, Mr. Mendoza's Assault III convictions remain predicate ACCA offenses.[6]

In a supplemental memorandum, Mr. Mendoza argues in the alternative that Or. Rev. Stat. § 163.165(1)(e) is not a categorical match with the force clause because, at the time of his conviction, Oregon law allowed accomplice-liability convictions based on negligent conduct. In support of his argument, Mr. Mendoza cites the Ninth Circuit's recent decision in *United States v. Valdivia-Flores*, 876 F.3d 1201 (9th Cir. 2017). In *Valdivia-Flores*, the Ninth Circuit examined whether Washington's drug-trafficking statute, Wash. Rev. Code § 69.50.401, was

---

[6] Even if *Elonis* does undermine *Lawrence*, Mr. Mendoza fails to show a "realistic probability" that Oregon would apply its Assault III statute to someone who recklessly or negligently caused physical injury. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). As already noted, the categorical approach is concerned with "the ordinary case," and requires showing that there is a "realistic probability, not a "theoretical possibility," that a defendant would be convicted for conduct falling outside of the force clause. *Carson*, 486 F.3d at 619-20 (internal quotation marks omitted). Although the Court must presume that Mr. Mendoza's convictions rest on the least of the acts criminalized, that analysis is not "an invitation to apply 'legal imagination' to the state offense." *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (citation omitted). Because Mr. Mendoza points to no case where a defendant was convicted of Assault III as a principal for negligently or recklessly causing physical injury, he fails to show that Or. Rev. Stat. § 163.165(1)(e) criminalizes less than the intentional or knowing use of physical force. *Accord United States v. Dunlap*, 162 F. Supp. 3d 1106, 1119 (D. Or. 2016).

7 – OPINION AND ORDER

categorically an "aggregated felony" under the Immigration and Nationality Act ("INA"). 876 F.3d at 1206. To qualify as an "aggravated felony" under the INA, a state's drug-trafficking law must sweep no broader than its federal analogue, in this instance 21 U.S.C. § 841(a)(1). *Id.* at 1207. In a novel application of the categorical approach, the Ninth Circuit held that, because an accomplice-liability conviction under Wash. Rev. Code § 69.50.401 was easier to obtain than such a conviction under 21 U.S.C. § 841(a)(1), the state's drug-trafficking law forbid more conduct than its federal analogue. *Id.* at 1207-09. The panel reasoned that aiding and abetting liability is "implicit . . . in every criminal charge." *Id.* at 1207 (citation omitted). It further noted that, under the Washington law in effect at the time, accomplice liability included any act done "with the knowledge that it will promote or facilitate the commission of a crime," *id.* (quoting Wash. Rev. Code § 9A.08.020(3)(a)(ii)), whereas federal law required specific intent, *id.* (citing *United States v. Garcia*, 400 F.3d 816, 819 (9th Cir. 2005)). The court concluded that, since the Washington drug-trafficking law had "a more inclusive mens rea requirement for accomplice liability than its federal analogue," the law was overbroad. 876 F.3d at 1207-08.

Mr. Mendoza contends that, because Oregon's accomplice liability standard, as in Washington, is more liberal than its federal analogue, *Valdivia-Flores* precludes his Assault III convictions from qualifying as predicate violent felonies. He notes that, until 2011, Oregon allowed accomplice-liability convictions without any proof that a defendant knowingly or intentionally facilitated the crime of conviction—one could instead be convicted as an accomplice if the crime of conviction was a "natural and probable consequence of the planning, preparation, or commission of the intended crime." *State v. Lopez-Minjarez*, 260 P.3d 439, 442 (Or. 2011). Since *Valdivia-Flores* makes clear that courts must consider accomplice liability in ascertaining the full scope of conduct criminalized by Or. Rev. Stat. 163.165(1)(e), he continues,

his convictions could have been based on a natural and probable consequences theory of accomplice liability. That conviction, in turn, would be predicated on conduct not criminalized by the federal aiding and abetting standard, namely negligent use of force, and no longer a categorical match with the force clause. Although this is a creative and compelling argument, it fails as applied to the facts of Mr. Mendoza's case.

As a threshold matter, the proper comparison is between Oregon's accomplice liability standard and the ACCA's definitions of a violent felony—not the federal standard for accomplice liability. Unlike in *Valdivia-Flores*, where the court examined whether the elements of a federal crime were a categorical match with those of a state crime, Mr. Mendoza's sentence was enhanced under the ACCA, which asks whether a state crime falls under the umbrella of a federal *definition* (i.e., violent felony), not a specific crime. The difference is that, whereas one might be convicted of aiding and abetting a federal drug-trafficking offense, the same cannot be said of the violent felony definition. This does not, however, resolve Mr. Mendoza's claim because the negligent use of force is still beyond the definition of a violent felony, which is limited to the knowing or intentional use of force. This means that Mr. Mendoza's Assault III convictions can only remain predicate violent felonies if he was convicted as a principal. Although courts are generally prohibited from considering the facts underlying a conviction, they may do so if the statute of conviction is divisible. The question here, therefore, is whether, as applied to Or. Rev. Stat. § 163.165(1)(e), accomplice liability is divisible from principal liability, such that the Court may query the elements relied upon to convict Mr. Mendoza.

As Mr. Mendoza appears to concede, Oregon law makes clear that accomplice liability for Assault III is divisible from principal liability. *See State v. Phillips*, 317 P.3d 236, 239-41 (Or. 2013) (holding that juries in Oregon must agree on whether a defendant is convicted of

Assault III as a principal or accomplice). The Court may therefore examine the underlying documents of conviction to determine whether Mr. Mendoza was convicted as a principal or accomplice. *Ramirez v. Lynch*, 810 F.3d 1127, 1131 (9th Cir. 2016). A review of Mr. Mendoza's plea petition from 2000 and 2004 reveals that, in both instances, Mr. Mendoza pleaded guilty to the elements of principal liability. Umatilla 2004 Plea Petition 1 ("I did unlawfully and knowingly, while being aided by another person, cause physical injury to [victims]."); Umatilla 2000 Plea Petition 1 (same). There is no mention of Mr. Mendoza aiding another person who herself "caused" the injury. *See Phillips*, 317 F.3d at 240. While this would seem to settle the matter, Mr. Mendoza contends that the Court should nevertheless read his plea petition as silently encompassing the elements of both principal *and* accomplice liability. He suggests that, because Oregon law dictates that an indictment implicitly encompasses liability as either a principal or as an accomplice, *State v. Burney*, 82 P.3d 164, 168 (Or. Ct. App. 2003), and his plea petition merely admitted the allegations in the indictment, the petition must implicitly be phrased in the conjunctive.

It is true that a defendant's "guilty plea to a conjunctively phrased charging document" does not "necessarily mean that he admitted guilt to all theories of the crime." *United States v. Savath*, 300 F. Supp. 3d 1215, 1221-22 (D. Or. 2018). The Court, however, is not convinced that language which may be implicit in a charging document is, as a matter of law, incorporated into a plea petition which admits *only* to the elements of principal liability. This is not a case where, parallel wording notwithstanding, the plea petition incorporated the indictment by reference or expressly included a conjunctively phrased admission, thereby leaving ambiguity as to which theory of liability Mr. Mendoza admitted. Instead, despite every opportunity and reason to admit elements consistent only with accomplice liability, Mr. Mendoza's plea petition admits only to

10 – OPINION AND ORDER

elements consistent with liability as a principal. Under the facts of this case, the Court is not required to assume that Mr. Mendoza may have silently admitted to liability as an accomplice when his admission is unambiguous and the *Shepard* documents are devoid of any reference to Oregon's aiding and abetting statute, Or. Rev. Stat. § 161.155. Mr. Mendoza's Assault III convictions were therefore pursuant to a principal theory of liability and, as such, remain predicate violent felonies under the ACCA.

## CONCLUSION

For the foregoing reasons, Mr. Mendoza's motion to vacate or correct his sentence under 28 U.S.C. § 2255 is DENIED. However, because reasonable jurists could debate the merits of Mr. Mendoza's claim that he could have been convicted of Assault III in both 2000 and 2004 based on an accomplice theory of liability, the Court issues him a certificate of appealability as to that claim specifically. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

DATED this 28th day of June, 2018.

/s/ Michael J. McShane
Michael J. McShane
United States District Judge